**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Dated: 10:42 AM February 7, 2017**

Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| E.D.C. LIQUIDATING, INC., | ) | CASE NO. 14-61086 |
| | ) | |
| Debtor. | ) | ADV. NO. 15-6060 |
| _____ | ) | |
| JOHN B. PIDCOCK, NOT | ) | JUDGE RUSS KENDIG |
| INDIVIDUALLY, BUT SOLEY AS | ) | |
| TRUSTEE OF THE E.D.C. | ) | |
| LIQUIDATION TRUST, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| MO-TECH CORP, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

    Now before the court are cross motions for summary judgment. The court has subject matter jurisdiction of the underlying bankruptcy case pursuant to 28 U.S.C. § 1334 and the general order of reference entered by the United States District Court for the Northern District of Ohio on April 4, 2012. This is a statutorily core proceeding under 28 U.S.C. § 157(b)(2)(F) and the court has authority to issue final entries. Venue in this district is appropriate under 11

1

U.S.C. § 1409.

## **BACKGROUND**

Prior to its bankruptcy filing, Debtor contracted Defendant to build two molds. Debtor experienced some financial difficulties, necessitating payment negotiations. Ultimately, Debtor remitted $151,600.00 ("Initial Payment") on August 26, 2013, which paid for one mold ("Mold #1") in full and secured release of both molds. Debtor agreed to pay the $102,100.01 balance owed on the second mold ("Mold #2") in four weekly installments of $20,000.00 and a final payment of $22,100.01. Debtor made four installment payments, totaling $80,000.00, within the ninety day preference period.

While the molds were in Defendant's possession, it had a lien on the molds under Ohio Revised Code § 1333.31. Upon release of the molds to Debtor, it retained a non-possessory, statutory lien in the molds until the debt was paid in full pursuant to O.R.C. § 1333.33. The lien could be perfected with the filing of a financing statement. O.R.C. § 1333.33(B). Defendant never perfected its lien in Mold #2.

Debtor filed a chapter 11 bankruptcy petition on October 16, 2013. Plaintiff is the Trustee of the liquidation trust that arose in the case.

## **DISCUSSION**

Plaintiff filed an adversary complaint to recover $231,600.00 in prepetition payments Debtor paid for molds created by Defendant. In his motion for summary judgment, he concedes that he is not entitled to recover the Initial Payment of $151,600.00 but maintains he is entitled to recover the four installment payments totaling $80,000.00. Defendant argues Plaintiff cannot prove Defendant received more through the prepetition transfers than it would have received in a hypothetical chapter 7 case. 11 U.S.C. § 547(b)(5). Under 11 U.S.C. § 547(g), Plaintiff bears the burden of proof on this element.

The parties focus on Defendant's rights vis a vis its unperfected statutory lien in Mold #2 under O.R.C. § 1333.33. Under this provision, a lien attached when the molds were delivered from the moldbuilder (Defendant) to the customer (Debtor). The lien could be perfected with the filing of a financing statement. O.R.C. § 1333.33(B). Defendant did not perfect its lien.

Defendant's secured status is material because "payments to a creditor who is fully secured are not preferential since the creditor would receive payment up to the full value of his collateral in a chapter 7 liquidation." Ray v. City Bank and Tr. Co. (In re C-L Cartage Co., Inc., 899 F.2d 1490, 1493 (6th Cir. 1990); Triad Int'l Maint. Corp. v. Southern Air Transp., Inc. (In re Southern Air Transp., Inc.), 511 F.3d 526, 533 (6th Cir. 2007). Defendant purports it was fully secured, stating the molds had a "value in excess of what Mo-Tech was owed pre-petition." (Aff. of Thomas Nielsen ¶ 3, ECF No. 26-1) Defendant offers no other evidence or support for its position and Plaintiff has not refuted this contention. If Defendant was fully secured, and the value of the molds was equal to or more than the amount owed, it presumably did not receive

more than it would have in a chapter 7 liquidation.

The parties have identified the two lines of authority concerning unperfected statutory liens. The minority position asserted by Plaintiff concludes that the failure to perfect the lien results in Defendant's classification as an unsecured creditor, leading to recovery of the payments. Precision Walls, Inc. v. Crampton, 196 B.R. 299 (E.D.N.C. 1996); *cf.* Sparkman v. Am. Residential Serv., LLC (In re Anderson Homes, Inc.), 2012 WL 1906441, *4 (E.D.N.C. 2012) (following Precision Walls as controlling precedent but recognizing "common sense appeal" of the analysis under contrary case law). In Precision Walls, a drywall subcontractor was paid in full during the preference period. Under North Carolina law, the subcontractor had a lien on funds paid to the general contractor, which he could have perfected through written notice to the obligor. In determining that the subcontractor was an unsecured creditor, the court opined that providing notice to others of the interest is the only means to achieve priority over others. Since the creditor failed to perfect its lien, it could not assert a superior (secured) interest against others, making the payments recoverable in the bankruptcy case.

The alternate line of authority focuses on the facts at the time of payment. Greenblatt v. Utley, 240 F.2d 243 (9th Cir. 1956); Ricotta v. Burns Coal & Bldg. Supply Co., 264 F.2d 749 (2d Cir. 1959); Johnson Mem. Hosp., Inc. v. New England Radiator Works, 470 B.R. 119 (Bankr. D. Conn. 2012); Off. Comm. of Unsecured Creditors of 360Networks (USA) Inc. v. AAF-Mcquay, Inc. (In re 360Networks (USA) Inc., 327 B.R. 187 (Bankr. S.D.N.Y. 2005); Hopkins v. Merlins Insulation, LLC (In re Larsen), 2008 WL 4498890 (Bankr. D. Idaho 2008) (unpublished). If the creditor could perfect the lien under state law at the time payment is made, and the perfection of the lien is not avoidable under the bankruptcy code, then the payments are not avoidable. Johnson Mem. Hosp., 470 B.R. 119, 125; 360Networks (USA) Inc., 327 B.R. 187, 190. This is because the 'payment itself should not be less secure than the lien which could have secured it.' Larsen, 2008 WL 4498890, * 3 (quoting 360Networks, 327 B.R. 187, 189).

The court agrees with the majority position. Following the minority position would ignore Ohio statutory law which clearly gave Defendant a non-possessory lien in Mold #2 as long as the mold remained unpaid. With each payment that Debtor made, the amount of the statutory lien was reduced. While perfection would have established Defendant's lien rights against others, it did not diminish its interest against Debtor. The court concludes that as a secured creditor, the payments made to Defendant did not allow it to receive more than it would have received in a hypothetical liquidation. Plaintiff failed to demonstrate a necessary element of a preference.

A policy argument could be made that such "secret" liens should not be permitted because they may mislead secured lenders and other creditors as to the available assets of debtors. Modern commercial realities moot this concern. Any lender or creditor with a lick of sense knows how these industries operate and understands the applicable lien laws. This ambushes no one. It merely blocks access to an easy pot of cash to fund liquidations. Conversely, this decision encourages vendors to continue dealing with troubled enterprises, one of the pole stars of modern commercial law.

Defendant's motion for summary judgment is granted and Plaintiff's cross-motion is denied by separate order to be entered contemporaneously with this decision. Since there was no preferential transfer, the court does not need to explore arguments concerning § 547(c) defenses.

#     #     #

**Service List:**

Brian J. Jackiw
Goldstein & McClintock LLLP
208 S LaSalle Street
Suite 1750
Chicago, IL 60604

Robert M. Stefancin
Ice Miller LLP
Fifth Third Center
600 Superior Avenue, East
Suite 1701
Cleveland, OH 44114